[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a bench trial, appellee David M. Fisher was convicted of assault in violation of R.C. 2903.13(A)-a first-degree misdemeanor. The charge arose from an altercation involving several persons.
The trial court determined that Fisher hit George Stamper on the side of his head during the melee. In his appeal, Fisher raises the following three assignments of error: (1) the trial court abused its discretion by not granting him a continuance; (2) he was denied effective assistance of counsel; and (3) his conviction was against the weight of the evidence. We find no merit in Fisher's assignments of error.
In his first assignment, Fisher claims that the trial court abused its discretion by not granting him a continuance. Fisher's stated reason for the continuance was to obtain defense witnesses. The record demonstrates that he received a three-week continuance after the state presented its evidence. Thus, he received what he asked for on the day of his request, only a little later than his request. We overrule Fisher's first assignment because the trial court's actions rendered this assignment moot.
To support his claim of ineffective assistance of counsel, Fisher "must show that counsel's representation fell below an objective standard of reasonableness,"[1] and that he was prejudiced by counsel's deficient performance.[2] To demonstrate prejudice, Fisher "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome."[3]
Fisher's first claim is based on his counsel's failure to file a notice of alibi and to secure more witnesses. The record demonstrates that Fisher had one alibi witness. While counsel was deficient in failing to file a notice of alibi, Fisher has failed to show that he was prejudiced. He provided evidence of his alibi to the trial court. As to counsel's decision not to call other witnesses, such a decision is tactical in nature,[4] and debatable trial tactics and strategy generally do not constitute ineffective assistance.[5] It is quite possible that, in spite of how he initially thought the witnesses would testify, counsel determined that the other witnesses' testimony would not be helpful. Further, Fisher has failed to demonstrate prejudice. The mere fact that a co-defendant presented four alibi witnesses and was acquitted is, standing alone, insufficient proof of prejudice.
As to counsel's failure to object to inadmissible evidence, we conclude that Fisher has failed to demonstrate prejudice. As to Fisher's claim that counsel was ineffective for not objecting to the state' reopening of its case-in-chief, we conclude Fisher has failed to prove his claim. The trial court, without objection, allowed the state to re-open its case to present the testimony of two police officers. The state's witnesses testified about photographs taken of Fisher's injuries. Trial counsel objected to the admission of the photographs. The trial court admitted only the photograph consistent with Stamper's testimony that he was hit in the side of the head. We conclude that, while counsel probably should have objected to the state's re-opening its case-in-chief, we conclude that Fisher failed to demonstrate prejudice. We overrule Fisher's second assignment.
In his last assignment, Fisher challenges the weight of the evidence supporting his conviction. We have reviewed the entire record, weighed the evidence and all reasonable inferences,[6] considered the credibility of the witnesses, and have determined that the trier of fact did not clearly lose its way and create a manifest miscarriage of justice in resolving evidentiary conflicts. We overrule Fisher's third assignment.
Therefore, the judgment of the trial court is affirmed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt, and Painter, JJ.
[1] See Strickland v. Washington (1984), 466 U.S. 668, 688,104 S.Ct. 2052, 2064.
[2] See Strickland v. Washington at 687, 104 S.Ct. at 2064.
[3] See Williams v. Taylor (2000), 529 U.S. 362, 381, 120 S.Ct. 1495,1511-1512; Strickland v. Washington at 694, 104 S.Ct. at 2068; State v.Murphy (2001), 91 Ohio St.3d 516, 538, 747 N.E.2d 765, 794.
[4] See State v. Coulter (1992), 75 Ohio App.3d 219, 230,598 N.E.2d 1324, 1331.
[5] See State v. Roberts (2000), 139 Ohio App.3d 757, 773,745 N.E.2d 1057, 1068, citing Strickland v. Washington at 690,104 S.Ct. at 2065.
[6] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.